UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) CR: 120-109 ) |
| JACINTHIA WILLIAMS, | ) ) ) |

## PLEA AGREEMENT

Defendant Jacinthia Williams, represented by her counsel Troy Clark, and the United States of America, represented by Assistant United States Attorneys J. Thomas Clarkson and Patrick Schwedler have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One of the Information, which charges 18 U.S.C. § 1343.

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that the Defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) the false pretenses, representations, or promises were about a material fact; (3) that the defendant acted with the intent to defraud; and (4) the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

Defendant agrees that she is, in fact, guilty of this offense. She agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

From around June 17, 2020, and continuing until in or about August 18, 2020, the exact dates being unknown, in the Southern District of Georgia, Defendant Jacinthia Williams, did knowingly devise and intend to devise a scheme and artifice to defraud, and to obtain money and property, by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice and to obtain money and property, caused interstate communications to be made over the Internet, in furtherance of the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

In furtherance of this scheme, and to effect the objects thereof, the Defendant committed one or more of the following overt acts:

- Between on or about June 17, 2020 and June 30, 2020, **WILLIAMS** applied, or caused the submission of applications, for Economic Impact Disaster Loans (EIDL) with the Small Business Administration (SBA) that were earmarked for small businesses that were suffering the economic consequences of the COVID-19 pandemic.

- In order to obtain an EIDL, a qualifying small business must submit an online application to the SBA and provide information about its operations, such as the number of employees, gross revenues for the 12-month period preceding the disaster, and the cost of goods sold in the 12-month period preceding the disaster. In the case of EIDLs for COVID-

19 relief, the 12-month period was that preceding January 31, 2020. The applicant must also certify all the information the in application is true and correct to the best of the applicant's knowledge. The applicant must also use the EIDL funds for qualifying, legitimate business purposes.

- **WILLIAMS** applied, or caused the submission of applications, for loans through https://covid19relief.sba.gov/#/ for three businesses that were in her or her husband's name: Williams Credit Solutions, LLC; Cynt's Kitchen; and "Company 1," making the following representations:

| Entity | Gross Revenue | Employees |
|---|---|---|
| Williams Credit Solutions, LLC | $85,000 | 1 |
| Cynt's Kitchen | $88,000 | 7 |
| Company 1 | $165,000 | 10 |

- Each of the SBA applications submitted by **WILLIAMS** contained representations that **WILLIAMS** well knew were false.

- Among other false representations, **WILLIAMS** falsely represented each of the businesses gross revenue in her application. Specifically, **WILLIAMS** represented:

    i. in the Williams Credit Solutions, LLC SBA application the business had $85,000 in gross revenue the prior 12 months when, as **WILLIAMS** well knew, the business made no more than $5,000 in the prior 12 months.

    ii. in the Company 1 SBA application the business had $165,000 in gross revenue the prior 12 months when, as **WILLIAMS** well knew, the business made no more than $5,000 in the prior 12 months.

3

- iii. in the Cynt's Kitchen SBA application the business had $88,800 in gross revenue the prior 12 months, when as **WILLIAMS** well knew, the business had not been operational since April 2019 (well before COVID-19).

- In addition, **WILLIAMS** falsely represented that Company 1 had ten employees so that the entity could qualify for a $10,000 EIDL Advance. In truth, **WILLIAMS** knew that Company 1 had no employees.

- In addition, **WILLIAMS** falsely stated that Cynt's Kitchen had seven employees. In truth, **WILLIAMS** knew that Cynt's Kitchen had no employees.

- In reliance on **WILLIAMS'** false representations, the SBA made the following deposits into accounts (totaling **$137,500.00**) in the name of **WILLIAMS** and her husband:

|        | Entity                         | Bank     | Amount   |
|--------|--------------------------------|----------|----------|
| Loan 1 | Williams Credit Solutions, LLC | "Bank 1" | $41,500  |
| Loan 2 | Cynt's Kitchen                 | "Bank 1" | $20,000  |
| Loan 3 | Company 1                      | "Bank 2" | $66,000  |
| Loan 4 | Company 1                      | "Bank 2" | $10,000  |

- In addition to the false representations to obtain the loans, **WILLIAMS** used part of the SBA money on purely personal matters, including, for example, the purchase a Louis Vuitton purse, a living room furniture package, and paying thousands of dollars to family members.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject her to the following maximum possible sentence: 20 years' imprisonment and applicable fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4. <u>No Promised Sentence</u>

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw her plea of guilty if she receives a more severe sentence than she expects.

5. <u>Court's Use of Sentencing Guidelines</u>

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

    a.     <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

    b.     <u>Acceptance of Responsibility</u>

If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of her intention to enter a guilty plea.

    c.     <u>Amount of Loss</u>

The government agrees to recommend to the U.S. Probation Office and the Court at sentencing that the amount of loss, for purposes of Section 2B1.1 of the Sentencing Guidelines, is the actual loss suffered by the United States Government, which is $137,500.00 dollars.

    d.     <u>Other Enhancements</u>

The government and Defendant agree to recommend to the U.S. Probation Office and the Court at sentencing that no other enhancements apply.

7. <u>Cooperation</u>

    a.     <u>Complete and Truthful Cooperation Required</u>

Defendant must provide full, complete, candid, and truthful cooperation in the investigation and prosecution of the offenses charged in her Information and any related offenses. Defendant shall fully and truthfully disclose her knowledge of those offenses and shall fully and truthfully answer any question put to her by law enforcement officers about those offenses.

This agreement does not require Defendant to "make a case" against any particular person. Her benefits under this agreement are conditioned only on her cooperation and truthfulness, not on the outcome of any trial, grand jury, or other proceeding.

b. <u>Motion for Reduction in Sentence Based on Cooperation</u>

The government, in its **sole discretion**, will decide whether Defendant's cooperation qualifies as "substantial assistance" pursuant to U.S.S.G. § 5K1.1 or Fed. R. Crim. P. 35 and thereby warrants the filing of a motion for downward departure or reduction in Defendant's sentence. If such a motion is filed, the Court, in its sole discretion, will decide whether, and to what extent, Defendant's sentence should be reduced. The Court is not required to accept any recommendation by the government that the Defendant's sentence be reduced.

8. <u>Forfeiture</u>

a. Defendant agrees to forfeit her interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the Title 18 offense to which she has agreed to plead guilty, and any property used, or intended

7

to be used, in any manner or part, to commit, or facilitate the commission of that offense, the "Subject Property").

    b.    Defendant waives and abandons all right, title, and interest in the Subject Property. Defendant agrees to take all steps requested by the government to facilitate transfer of title of the Subject Property to the government. Defendant further agrees not to file any claim, answer, or petition for remission or mitigation in any administrative or judicial proceeding pertaining to the Subject Property. If any such document has already been filed, Defendant hereby withdraws that filing.

    c.    Defendant agrees to hold the government and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. Defendant further agrees to waive the requirements of the Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

    d.    Defendant waives and abandons her interest in any other property that may have been seized in connection with this case. Additionally, Defendant waives any and all challenges on any grounds to the seizure, forfeiture, and disposal of any property seized in connection with this case. Defendant specifically agrees to waive any challenges arising under the Double Jeopardy Clause of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

9.    <u>Financial Obligations and Agreements</u>

    a.    <u>Restitution</u>

The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b.  <u>Special Assessment</u>

Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c.  <u>Release of Appearance Bond</u>

Defendant authorizes the Clerk of the United States District Court to release the funds posted as security for an appearance bond in this case to satisfy any of the financial obligations including forfeiture imposed by judgment of the Court in this case.

d.  <u>Required Financial Disclosures</u>

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all her assets and financial interests, whether held directly or indirectly, solely or jointly, in her name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports

9

with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

e. <u>Financial Examination</u>

Defendant will submit to an examination under oath on the issue of her financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

f. <u>No Transfer of Assets</u>

Defendant certifies that she has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations or forfeiture created by this Agreement or that may be imposed upon her by the Court at sentencing. Defendant promises that she will make no such transfers in the future.

h. <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

i. <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant

10

understands and agrees that the financial obligations and forfeiture imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

10. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

   Defendant entirely waives her right to a direct appeal of her conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of her sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs her attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

   Defendant entirely waives her right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack her conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

    d.    <u>Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver</u>

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or her plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

11.    <u>Defendant's Rights</u>

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which she will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

12.    <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that her attorney has represented her faithfully, skillfully, and diligently, and she is completely satisfied with the legal advice given and the work performed by her attorney.

13. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw her guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

14. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

_____          _____
Date                               Karl I. Knoche
                                   Chief, Criminal Division


_____          _____
Date                               J. Thomas Clarkson
                                   Assistant United States Attorney


_____          _____
Date                               Patrick J. Schwedler
                                   Assistant United States Attorney

14

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

10/29/2020
Date

_____
Jacinthia Williams

I have fully explained to Defendant all of her rights, and I have carefully reviewed each and every part of this agreement with her. I believe that he fully and completely understands it, and that her decision to enter into this agreement is an informed, intelligent, and voluntary one.

10/29/2020
Date

_____
Counsel for Defendant
Troy Clark

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 120-109 |
| | ) | |
| JACINTHIA WILLIAMS | ) | |
| | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change her plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This 24th day of February 2021.

THE HONORABLE J. RANDAL HALL
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA